**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 03-4202**

———————

UNITED STATES OF AMERICA,

                                    Plaintiff - Appellee,

        versus

TREMAINE KENDRICK JETER, a/k/a Toby,

                                    Defendant - Appellant.

———————

Appeal from the United States District Court for the District of
South Carolina, at Spartanburg.  G. Ross Anderson, Jr., District
Judge.  (CR-02-248)

———————

Submitted:  August 3, 2005          Decided:  September 23, 2005

———————

Before MOTZ and DUNCAN, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

Thomas N. Cochran, Assistant Federal Public Defender, Greensboro,
North Carolina, for Appellant.  Jonathan S. Gasser, Acting United
States Attorney, E. Jean Howard, Assistant United States Attorney,
Greenville, South Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Tremaine Kendrick Jeter appeals his conviction on a guilty plea and sentence on a charge of conspiracy to possess with intent to distribute crack cocaine, in violation of 18 U.S.C. § 846 (2000). After conducting a thorough Fed. R. Crim. P. 11 colloquy, the district court found Jeter guilty. The probation officer who prepared Jeter's presentence investigation report ("PSR") assigned a total offense level to Jeter of thirty and a criminal history category of V, with a resultant guideline range of 151-188 months' imprisonment. Jeter did not object at the sentencing hearing. On February 12, 2003, the district court sentenced Jeter in conformity with the assignments reflected in the PSR to 151 months' imprisonment (the low end of the applicable guideline range), a five-year term of supervised release, and ordered payment of a $100 special assessment.

Jeter's sole issue on direct appeal[1] is that his sentence violates United States v. Booker, 125 S. Ct. 738 (2005), because at the time of Jeter's sentencing hearing there existed a disparity between the sentence he faced and that faced by an allegedly

_____

[1]Jeter's former appellate counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), on May 27, 2003. This court, in an unpublished per curiam opinion filed on September 22, 2003, affirmed Jeter's conviction and sentence. On September 16, 2004, Jeter filed a motion to recall the mandate. By Order dated September 22, 2004, this court granted Jeter's motion, recalled its mandate, and vacated its opinion, based on a clerical error. This court later appointed the Federal Public Defender as Jeter's new appellate counsel by Order dated October 1, 2004.

equally culpable co-defendant, and that under pre-<u>Booker</u> circuit precedent, the district court was prohibited from departing under the mandatory guidelines based on such a disparity.[2]  He alleges that he was prejudiced by the district court's plain error in failing to consider the provisions of 18 U.S.C. § 3553(a) before imposing sentence and in treating the guidelines as mandatory.  He seeks resentencing.  We find no merit to Jeter's specific claim on appeal.

Jeter's contention that the district court erred by sentencing him under an unconstitutional mandatory sentencing scheme is governed by <u>United States v. Booker</u>, 125 S. Ct. 738 (2005), in which the Supreme Court held that <u>Blakely v. Washington</u>, 542 U.S. 296 (2004), applies to the federal sentencing guidelines and that the mandatory guidelines scheme which provided for sentence enhancements based on facts found by the court violated the Sixth Amendment.  <u>Booker</u>, 125 S. Ct. at 746-48, 755-56 (Stevens, J., opinion of the Court).  The Court remedied the constitutional violation by severing and excising the statutory provisions that mandate sentencing and appellate review under the guidelines, thus making the guidelines advisory.  <u>Id.</u> at 756-57 (Breyer, J., opinion of the Court).  Subsequently, in <u>United States</u>

---

[2]Jeter's guidelines sentence was not determined by any facts not found beyond a reasonable doubt; therefore, his sentence does not implicate any violation of the Sixth Amendment.  His only objection is to the district court's mandatory use of the guidelines in determining his sentence.

v. Hughes, 401 F.3d 540 (4th Cir. 2005), this court held that a sentence imposed under the pre-Booker mandatory sentencing scheme and enhanced based on facts found by the court, not by a jury (or, in a guilty plea case, admitted by the defendant), constitutes plain error that affects the defendant's substantial rights and warrants reversal under Booker when the record does not disclose what discretionary sentence the district court would have imposed under an advisory guideline scheme. Hughes, 401 F.3d at 546-56.

Booker states that, in reviewing sentences that do not involve a Sixth Amendment violation, appellate courts may apply the plain error and harmless error doctrines in determining whether resentencing is required. Booker, 125 S. Ct. at 769; see Fed. R. Crim. P. 52(a) (appellate court may disregard any error that does not affect substantial rights). Because Jeter did not raise sentencing objections before the district court, this court reviews his arguments for plain error. To establish plain error: (1) there must be an error; (2) the error must be plain; and (3) the error must affect substantial rights. United States v. Olano, 507 U.S. 725, 732-34 (1993). If the three elements of the plain error standard are met, this court may exercise its discretion to notice error only if the error seriously affects "the fairness, integrity, or public reputation of judicial proceedings." Id. at 736 (citation omitted).

Under this standard, although Jeter is correct that the district court committed error in treating the guidelines as mandatory, see Hughes, 401 F.3d at 547-48,[3] we find that he is not entitled to relief. We recently held that in a plain error context, the error of sentencing under the mandatory guidelines regime did not warrant a presumption of prejudice nor was it a structural error. United States v. White, 405 F.3d 208, 224 (4th Cir. 2005). Rather, because Jeter failed to object to his sentence below, the burden is on him to establish prejudice. Id. at 223. Moreover, to establish prejudice in the context of plain error under White, Jeter must demonstrate a nonspeculative basis in this record for concluding the district court would have sentenced him to a lesser sentence if the sentencing guidelines were advisory.

While Jeter contends that had the district court been free to consider the § 3553(a) factors, there was a "substantial likelihood" that the district court would have sentenced him based on an offense level of twenty-six, like his similarly situated co-defendant, rather than at a level of thirty, and that it sentenced him to a longer sentence than it "may" have if the guidelines were not mandatory, there is no statement by the district court in the record to support such a speculative and conclusory argument. The

---

[3]See also United States v. White, 405 F.3d 208, 216-17 (4th Cir. 2005) ("even in the absence of a Sixth Amendment violation, the imposition of a sentence under the former mandatory guidelines regime rather than under the advisory regime outlined in Booker is [plain] error").

- 5 -

fact of the matter is that Jeter and his co-defendant were <u>not</u> similarly situated, because Jeter initially declined the plea originally offered by the Government which contained a base offense level stipulation of twenty-six and his co-defendant did not.[4] Jeter's ultimate decision to take a different, less favorable, offer from the Government, resulting in a higher base offense level alone puts him in a different situation than that of his co-defendant, even assuming they were equally criminally culpable, as Jeter contends.

As nothing in the record suggests the error affected the court's ultimate determination of Jeter's sentence, and because the burden of so proving lies with Jeter, <u>see</u> <u>White</u>, 405 F.3d at 223, Jeter cannot satisfy the prejudice requirement of the plain error standard and hence cannot establish that the district court's error in sentencing him pursuant to a mandatory guidelines scheme affected his substantial rights such that resentencing is necessary. Accordingly, we affirm Jeter's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

---

[4]Jeter asserts that he was following the ill-advised recommendation of a jail-house lawyer with whom he was housed at the time when he turned down the Government's initial plea offer.